**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| IN RE: John F. Bulboff<br>　　　　　　　　　Debtor(s) | BK NO. 20-21838 JAD<br><br>Chapter 13 |
| Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9, its successors and/or assigns<br>　　　　　　　　　Movant<br>　　vs.<br>John F. Bulboff<br>　　　　　　　　　Respondent(s) | Related to Document No. <u>50</u><br><br>Hearing Date: N/A |

### OBJECTION OF Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9 , ITS SUCCESSORS AND/OR ASSIGNS TO CONFIRMATION OF CHAPTER 13 PLAN

Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9, objects to confirmation of Debtor's Chapter 13 Plan and asserts in support of its Objection as follows:

1. Movant's claim is secured by a mortgage on Debtor's property at 7 Cherry Lane Coal Center, PA 15423.

2. On June 23, 2020, Movant filed a secured proof of claim setting forth pre-petition arrears in the amount of $35,165.13.

3. Debtor's Plan provides for payment in the amount of $0.00 towards the arrearage claim of the Movant.

4. The plan is speculative at best. There is no evidence that a re-finance is even feasible. The total debt proof of claim that was filed in 2020 in the amount of $120,153.24 and a pre-petition arrears of $35,165.13. Zillow.com shows an estimated property value of $138,300.

5. Additionally, the property is owned by debtor, John F. Bulboff. In order for debtors non-debtor spouse to obtain a mortgage on the property the spouse would need to be in title.

6. It is unclear why debtor's non-debtor spouse has not been making contributions to the success of the plan to date, and if they are, how a re-finance would be feasible.

7. Even if a re-finance of the property is feasible, is not reasonable to allow debtor until the end of the plan to get the refinance completed. In the event the Court is inclined to allow the refinance, Secured Creditor requests that debtor be required to complete same within 3 months.

8. The Debtor's proposed plan calls for the sale or refinance of the aforesaid premises, which sale provision does not satisfy the feasibility requirements of 11 U.S.C. 1325 (a) (6). The sale or refinance of the property is remote and speculative and therefore the plan is not feasible.

9. Debtor's Plan understates the amount of the Movant's claim by $35,165.13, and does not provide sufficient funding to pay said claim including present value interest.

10. Accordingly, Debtor's Plan is not feasible, as it does not fully compensate the Movant.

11. In addition, the Debtor's Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Movant, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9, prays that the Court deny confirmation of the Debtor's Plan.

Respectfully submitted,

Date: February 25, 2022          By: **/s/ Brian C. Nicholas, Esquire**
Brian C. Nicholas, Esquire
BNicholas@kmllawgroup.com
Attorney I.D. No. 317240
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Phone: 412-430-3594
Attorney for Movant/Applicant